John S. Ahlgren et al. v. Edward J. Huntington, Assignee, et al.

85     639
100    ²664

1. Voluntary Assignments—*Scope of the Deed.*—When a debtor reaches the point where he is ready and determined to yield the dominion of his property, and makes an assignment for the benefit of his creditors under the statute, the effect of such assignment is to convey and surrender all of his estate not exempt by the law to his assignee, for the benefit of all his creditors; and no matter in how many ways his performance of this intention may be carried out, the law will regard all his acts having for their object and effect the disposition of his estate, as parts of a single transaction.

2. Assignee—*Power to Avoid Fraudulent Conveyances.*—An assignee can not, for the benefit of creditors, avoid a fraudulent conveyance made by the assignor before the general assignment. He is not the representative of the creditors, but the agent of the assignor for the distribution of the property assigned,

3. Same—*Powers Under the Statute.*—Section 11 of the Voluntary Assignment Act makes it the duty of the assignee to sue for and recover in his own name as assignee "everything belonging or appertaining to said estate, real or personal."

4. Same—*Rights of Creditors in Case of Neglect.*—Upon the neglect or refusal of an assignee to take proper proceedings to protect the trust estate or reduce it to possession and gain its control, the right of the creditors to come into court and protect their interests can not be denied.

Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

L. C. COOPER, attorney for appellant.

HERBERT S. DUNCOMBE, attorney for appellee Peterson.

MITCHELL & ADDINGTON, attorneys for other appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a bill in which it is sought to subject to the provisions of an assignment for the benefit of creditors, certain real estate conveyed by a trust deed by Charles G. Isacson, one of the appellants, to secure three promissory notes payable respectively to three others of the appellants, one of whom was Isacson's son, and another the trustee to whom the conveyance was made.

The bill charges that at the time said notes and trust deed were executed, said Charles G. Isacson was insolvent, and was intending and prepared to make an assignment for the benefit of his creditors; that said trust deed was made in contemplation of making said assignment; and that both instruments were drawn and executed upon the same day; that they were prepared at the office of the same attorney and acknowledged before the same notary; and that the two constituted an assignment with preferences, contrary to the statute. The bill prays that the trust deed and notes thereby secured be declared null and void, and that appellee Huntington, as assignee, may be declared entitled to said real estate.

A motion was made to dismiss the appeal and strike the original depositions from the transcript of record. In the view we take of the merits, it will be unnecessary to consider these motions.

It is claimed that the insolvent debtor, having promised to secure his indebtedness to appellants Ahlgren and Levin, requested them to meet himself and wife at the office of his attorney, where the notes and trust deed in controversy were executed and delivered. The parties then separated,

Ahlgren v. Huntington.

and the insolvent states that immediately thereafter he met a brother-in-law who told him he had made a mistake; that his other creditors would hear of the trust deed and at once close him up.  Thereupon the two returned to the office of Isacson's attorney, and Isacson was advised to make an assignment, which he did.

The controversy is not, as stated by appellant's counsel, merely whether the trust deed and notes shall be set aside, but whether they shall be declared invalid as preferences and the property subjected to the assignment.  The decree is not abstracted so far as we can discover, but appellants' counsel states that the court confirmed the master's report and entered a decree in favor of the assignee.

It is urged that "a careful reading of the testimony must lead to the conclusion that Isacson did not contemplate making an assignment when he executed the trust deed and notes in question.".

We can not agree with this contention.  There is evidence tending to show Isacson stated upon examination in the County Court, that at the time he made the trust deed he intended to make the assignment the next day.  He testified before the master that he "was hard up and could not very well get along," and was being pressed for money by some of the creditors whom he attempted to prefer by the trust deed.  He states, it is true, that when subsequently advised to make an assignment he did not know what it meant, and did not want to do it.  But the assignment followed within a few hours of the execution of the trust deed upon the same day; and while he may not have understood the exact character of an assignment, he evidently did know that its force and effect would be to turn over his assets for the benefit of his remaining creditors, as he had by the trust deed turned over his real estate for the benefit of three of them alone.  It is said in Preston v. Spaulding, 120 Ill. 206–217, that when the debtor "reaches the point where he is ready and determined to yield the dominion of his property, and makes an assignment for the benefit of his creditors under the statute

\* \* \* the effect of such assignment shall be the surrender and conveyance of all his estate not exempt by law to his assignee " for the benefit of all his creditors; and no matter in how many ways his performance of this intention may be carried out, " the law will regard all his acts having for their object and effect the disposition of his estate, as parts of a single transaction." Hanford Oil Co. v. First Nat. Bk., 126 Ill. 584–591; Hide & Leather Bank v. Rehm, 126 Ill. 461–465.

The two acts—the execution of the trust deed and the assignment—which effected a disposition of Isacson's property for the benefit of his creditors, must be regarded under the circumstances as parts of one transaction, valid as an assignment, but invalid as a preference. We think the evidence warranted the finding of the master and the decree of the court in accordance therewith.

It is said the assignee can not maintain this bill.

It has been held in this State that an assignee can not, for the benefit of creditors, avoid a fraudulent conveyance made by the assignor before the general assignment; that the assignee is not the representative of the creditors, but the agent of the assignor for the distribution of the property assigned. Bouton v. Dement, 123 Ill. 142–150.

In the present case it is not sought to set aside a fraudulent conveyance made before the assignment, but to subject property irregularly conveyed at the time of and as a part of the assignment to its provisions. This the assignee has a right to do.

Section 11 of the voluntary assignment act, makes it the duty of the assignee to sue for and recover in his own name, as assignee, "everything belonging or appertaining to said estate, real or personal." In Preston v. Spaulding, *supra*, it is stated, "that such is the right and duty of the assignee admits of no doubt;" and it is held that upon his neglect or refusal to take proper proceedings to protect the trust estate or reduce it to possession and gain its control, the right of the creditors to come into court and protect their interests can not be denied. In the case at bar the

bill is filed by the assignee and creditors jointly. Appellant makes no objection so far as the creditors are concerned. We see no reason why the bill can not be maintained by the assignee. If the latter seeks to recover property belonging to the estate, either at law or equity, he must resort to the courts having jurisdiction of the appropriate remedy, and competent to afford adequate relief. Davis v. Chicago Dock Co., 129 Ill. 180–194.

This is what has been done here. The conveyance in question was invalid under the assignment law, as a preference. As a part of the transaction constituting the assignment for the general benefit of creditors, it passed no title against the assignee. It is the right and duty of the assignee to have that fact ascertained and declared, and the irregularity in the conveyance corrected, in order that the real estate in controversy may be subjected to the assignment and administered with the other assets.

The judgment of the Circuit Court must be affirmed.